CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 06 2017

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MICHAEL CORNELIUS GILLIAM, ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SOUTHWEST VIRGINIA REGIONAL ) <br> JAIL, ) <br> Defendant. ) | Civil Action No. 7:17-cv-00085 <br><br> **MEMORANDUM OPINION** <br><br> By: Hon. Michael F. Urbanski <br> United States District Judge |

Michael Cornelius Gilliam, a Virginia inmate proceeding pro se, filed a complaint pursuant to 42 U.S.C. § 1983 naming the Southwest Virginia Regional Jail ("Jail") as the sole defendant. This matter is before the court for screening pursuant to 28 U.S.C. § 1915A.

The court must dismiss the complaint because the Jail is not amenable to suit via § 1983, and thus, it fails to state a claim upon which relief may be granted. See, e.g., Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71 (1989); West v. Atkins, 487 U.S. 42, 48 (1988) (recognizing a § 1983 claim must allege the violation of a federal right by a person acting under color of state law); Preval v. Reno, 57 F. Supp. 2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a "person," and therefore not amenable to suit under 42 U.S.C. § 1983."), aff'd in part and rev'd in part, 203 F.3d 821 (4th Cir. 2000), reported in full-text format at 2000 U.S. App. LEXIS 465, at *3, 2000 WL 20591, at *1 ("The court also properly determined that the Piedmont Regional Jail is not a 'person' and is therefore not amenable to suit under § 1983[.]").

To the extent Plaintiff may be able to name a "person" subject to suit via § 1983, Plaintiff is granted seven days to file an amended complaint that states a claim upon which relief may be granted. See, e.g., Gordon v. Leeke, 574 F.2d 1147, 1152 (4th Cir. 1978). If the court does not

receive anything from Plaintiff within fourteen days, the Clerk shall strike the case from the active docket. However, Plaintiff will still be able to refile his claims in a new and separate action at the time of his choice subject to the applicable limitations period. See, e.g., Owens v. Okure, 488 U.S. 235, 249-50 (1989).

ENTER: This 5R day of April, 2017.

/s/ Michael F. Urbanski
United States District Judge