CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 23 2017

JULIA C. DUDLEY, CLERK
BY: /s/
    DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| MICHAEL CORNELIUS GILLIAM, ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SOUTHWEST VIRGINIA REGIONAL ) <br> JAIL, ) <br>     Defendant. ) | Civil Action No. 7:17-cv-00085 <br><br> **MEMORANDUM OPINION** <br><br> By:   Hon. Michael F. Urbanski <br>        United States District Judge |

Michael Cornelius Gilliam, a Virginia inmate proceeding pro se, had filed a complaint pursuant to 42 U.S.C. § 1983 naming the Southwest Virginia Regional Jail ("Jail") as the sole defendant. The court dismissed the complaint without prejudice for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A, because Plaintiff did not name a "person" subject to § 1983. The court also granted leave to file an amended complaint in accordance with Gordon v. Leeke, 574 F.2d 1147, 1152 (4th Cir. 1978). Plaintiff has filed an amended complaint, but it must also be dismissed without prejudice because it, too, fails to state a claim.[1] However, Plaintiff has the opportunity to file a third pleading in order to state a legal claim against a proper person.

---

[1] The court must dismiss any action or claim filed by an inmate if it determines that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting a plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level. . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).
    Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although the court liberally construes a pro se complaint, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court does not act as an inmate's advocate, sua sponte developing statutory and constitutional claims not clearly raised in a complaint. See Brock v.

Plaintiff alleges he is legally blind in his left eye and is going blind in his right eye and that the Southwest Virginia Regional Jail Authority and Mediko "do not facilitate for vision problems." However, he names Major George Embree and Steve Clear, who are prison administrators, as defendants.

Section 1983 requires a showing of personal fault on the part of a defendant either based on the defendant's personal conduct or another's conduct in execution of the defendant's policies or customs. Fisher v. Washington Metro. Area Transit Author., 690 F.2d 1133, 1142-43 (4th Cir. 1982), abrogated on other grounds by Cnty. of Riverside v. McLaughlin, 500 U.S. 44 (1991). However, Plaintiff does not describe any act or omission by these two defendants, and supervisory liability under § 1983 may not be predicated on the theory of respondeat superior. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 663 n.7, 691-94 (1978); Baynard v. Malone, 268 F.3d 228, 235 (4th Cir. 2001). Consequently, the amended complaint fails to state a claim upon which relief may be granted, and it is dismissed without prejudice.

To the extent Plaintiff may be able to state a claim upon which relief may be granted upon a third attempt, Plaintiff is granted fourteen days to file an amended complaint that states a claim upon which relief may be granted against a proper person.[2] See, e.g., Gordon, 574 F.2d at 1152.

ENTER: This 23rd day of May, 2017.

/s/ Michael F. Urbanski
United States District Judge

---

Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985); see also Gordon, 574 F.2d at 1151 (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

[2] If the court does not receive anything from Plaintiff within twenty-one days, the Clerk shall strike the case from the active docket. Thereafter, Plaintiff would still be able to refile his claims in a new and separate action at the time of his choice subject to the applicable limitations period. See, e.g., Owens v. Okure, 488 U.S. 235, 249-50 (1989).